## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LONNIE W. LYNCH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 08-3295 |
| | ) | |
| KEVIN P. NOLAN, CLINT | ) | |
| HOWARD, CHARLES MCGREW, | ) | |
| and MATTHEW S. RASNAKE, | ) | |
| individually, and DOUGLAS | ) | |
| COUNTY, ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Every defendant is entitled to his day in court.  Lonnie Lynch,

however, wants his day in front of <u>two</u> courts.

Since *Younger* abstention precludes such dual jurisdiction, this case is

stayed.

# I.  BACKGROUND

The facts are brief.[1]  Lynch is a "certified Atlasprofilax Practictioner."[2]

The Defendants are State's Attorney Nolan, Sheriff McGrew, Deputy

Howard, and Macon County.[3]  According to Lynch, the Defendants were

all involved, directly or vicariously, in investigating and eventually arresting

him for practicing medicine without a license in violation of the Medical

Practice Act of 1987, 225 ILCS 60/3.

While awaiting trial on these charges,[4] Lynch filed, *pro se*, the present

suit under 28 U.S.C. §§ 1981 and 1983.  The Complaint alleges a host of

---

[1]Because this is a motion to dismiss, the facts are taken from the Complaint.

[2]According to the Atlasprofilax official website, the "atlas" (or the first cervical vertebra) is often dislocated and "is the main cause of dysfunction in the body and the psyche, of pain, disability, infirmity, and degeneration."  Further, the website claims that all of these disparate maladies may potentially be corrected through an atlas readjustment technique developed in Switzerland.  *See* http://www.atlasprofilax.ch/eng/index.php.

[3]Although Matthew S. Rasnake is also listed as a defendant, nothing in the Complaint or record suggests his role in this case.

[4]The Court takes judicial notice of the pending charges against Lynch in the Sixth Judicial District, Douglas County, Illinois.

perceived constitutional violations arising from the Defendants' actions in investigating and arresting Lynch, including violations of the First, Fourth, and Fifth Amendments.  For relief, Lynch seeks damages and an injunction forbidding further involvement of the Defendants in his impending prosecution.

Defendants move this Court to dismiss or stay Lynch's suit.[5]

## II.  ANALYSIS

### A.  *Heck* Bar

Defendants first argue that *Heck v. Humphrey*, 512 U.S. 477 (1994)

---

[5]Lynch also moves to strike Defendant's motion to dismiss, arguing that the Attorney General cannot represent the individual Defendants.  Such representation, however, is permitted pursuant to the State Employee Indemnification Act, 5 ILCS 350/2(a).  Apparently relying on the Eleventh Amendment analysis in *Ex parte Young*, Lynch's arguments suggest that state representation is improper because the individual defendant's actions were not authorized under law and therefore were not state actions.  Assuming that "state action" is necessary (the Illinois statute does not use this term), Lynch's argument fails: an unconstitutional act of a state officer may constitute "state action" for purposes of the Fourteenth Amendment even if it does not qualify as "state action" under the Eleventh Amendment.  *Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 685 (1982).  In any event, Lynch is fortunate that his argument fails; a victory would have been a Pyrrhic one, since § 1983 claims cannot succeed without state action.  *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

bars Lynch's suit.  Under *Heck*, courts must dismiss § 1983 suits that, if accepted, would imply the invalidity of an otherwise robust conviction or sentence.  *Id.* at 486-87.  Lynch, however, has not been convicted; he merely faces a pending criminal trial.

Relying on *Wiley v. City of Chicago*, Defendants argue that *Heck* also applies to potential convictions on pending charges.  361 F.3d 994, 996 (7th Cir. 2004); *Gonzalez v. Entress*, 133 F.3d 551, 553 (7th Cir. 1998); *Washington v. Summerville*, 127 F.3d 552, 555-56 (7th Cir. 1997).  While this rule was once widely accepted, it has been soundly rejected by the Supreme Court.  *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (rejecting the application of *Heck* to "an anticipated future conviction" as "bizarre"); *Fox v. DeSoto*, 489 F.3d 227, 234 (6th Cir. 2007) ("In no uncertain terms, . . . the Supreme Court in *Wallace* clarified that the *Heck* bar has no application in the pre-conviction context."); *Kucharski v. Leveille*, 526 F. Supp. 2d 768 (E.D. Mich. 2007) (collecting cases from numerous circuits that were overruled by *Wallace*).  Therefore, since Lynch has not been convicted of the charged crimes, *Heck* does not yet apply.

4

Of course, this does not mean pre-trial defendants can avoid *Heck* merely by filing their claims prior to a conviction.  Rather, in such cases, courts often impose a stay.  The Court in *Wallace* explained:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.  If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

549 U.S. at 393-94 (internal citations omitted).  Thus, the relevant question here is whether a stay is proper.

### B.   *Younger* Abstention

Defendants argue for a stay (or dismissal) premised on *Younger* abstention.  "The rule in *Younger v. Harris* is designed to 'permit state courts to try cases free from interference by federal courts.'"  *Hicks v. Miranda*, 422 U.S. 332, 349 (1975) (quoting *Younger v. Harris*, 401 U.S. 37, 43 (1971));

5

*Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 665 (7th Cir. 2007).

"*Younger* holds that federal courts cannot enjoin ongoing state criminal proceedings unless extraordinary circumstances are present." *State v. Haws*, 131 F.3d 1205, 1210 (7th Cir. 1997). This rule is not limited to injunctions, but has also been extended to damages actions. *Simpson v. Rowan*, 73 F.3d 134, 137-38 (7th Cir. 1995).

This case clearly falls within the *Younger*'s ambit. Lynch is scheduled for criminal trial in April 2009, and is essentially asking this Court to enjoin aspects of those proceedings. This is precisely what *Younger* forbids. Further, even looking solely to the damages claim, abstention is necessary because all of Lynch's claims relate to the investigation and arrest that precipitated the criminal charges. As such, "the potential for federal-state friction is obvious." *Simpson*, 73 F.3d at 138. Thus, *Younger* abstention applies.[6]

---

[6]Defendants also suggest that all of the factors identified in *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) are met. These factors, however, were developed primarily in the context of determining when to extend *Younger* to *noncriminal* state proceedings. Nevertheless, to the extent that these factors are pertinent to a pending

(continued...)

Lynch argues that this case nevertheless falls into an exception to *Younger* abstention because the prosecution is in bad faith and intended to harass. *See Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 664 (7th Cir. 2007) (listing exceptions to *Younger* abstention). Lynch does not develop this claim, however, as he merely restates the rule. In any event, nothing suggests this prosecution was made for any purpose other than enforcement of Illinois law. As such, the bad faith/harassment exception is inapplicable.

The only remaining question is whether to dismiss or stay. Although claims seeking equitable relief are often dismissed, district courts must stay rather than dismiss any claims, including monetary ones, that cannot be vindicated in the pending state proceeding. *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988); *Simpson*, 73 F.3d at 138-39. Since Lynch seeks monetary relief, this suit must be stayed until the state criminal proceedings have

---

[6](...continued)
*criminal* proceeding, this Court agrees that the factors are satisfied: (1) there is an ongoing judicial proceeding, (2) Illinois has an important state interest in the enforcement of its criminal laws, and (3) Lynch will have an adequate opportunity to raise any constitutional challenges in the criminal trial.

been fully resolved.[7]

## III.   CONCLUSION

<u>Ergo</u>, Defendants' motions [d/e 9, 17] are GRANTED in part and DENIED in part.  In particular, the motion for a stay is GRANTED.  The motions to dismiss are DENIED, though those arguments may be resurrected after the stay is lifted.   Lynch's motion to strike various documents [d/e 19] is DENIED.

This case is STAYED until the conclusion of the Illinois criminal proceedings against Lynch.

IT IS SO ORDERED.

ENTERED:                              February 23, 2009

FOR THE COURT:                   /s Judge Richard Mills
                                           United States District Judge

---

[7]Because abstention is required, the Court is unable to address the Defendants' remaining arguments at this time. *Greening v. Moran*, 953 F.2d 301, 304 (7th Cir. 1992).